NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**LARRY J. CANTY,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

———————————————

2013-7053

———————————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1521, Judge William A. Moorman.

———————————————

Before RADER, *Chief Judge*, DYK and WALLACH, *Circuit Judges*.

PER CURIAM.

**O R D E R**

On February 11, 2013 order, the court directed the parties to show cause why this appeal should not be dismissed as untimely. Larry J. Canty has not responded to the order. The Secretary of Veterans Affairs responds.

On November 7, 2012, the United States Court of Appeals for Veterans Claims entered judgment in Canty's case. The court received Canty's notice of appeal on January 16, 2013, 70 days after the date of judgment.

To be timely, a notice of appeal must be received by the Court of Appeals for Veterans Claims within 60 days of the entry of judgment. *See* 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1). The statutory deadline for taking an appeal to this court is jurisdictional, mandatory, and cannot be waived. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see also Henderson v. Shinseki*, 131 S. Ct. 1197, 1204-05 (2011) (the language of Section 7292(a) "clearly signals an intent" to impose the same jurisdictional restrictions on an appeal from the Veterans Court to the Federal Circuit as imposed on appeals from a district court to a court of appeals). Because Canty's appeal as to the underlying judgment was filed outside of the statutory deadline for taking an appeal to this court, we must dismiss the appeal

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s26